IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GLORIA S. JACKSON                                                                    PLAINTIFF

V.                                                                              NO. 2:10CV220-D-S

CARLISLE SYNTEC INC.                                                              DEFENDANT

## MEMORANDUM OPINION

This employment discrimination complaint was filed on December 13, 2010, by the Plaintiff, Gloria Jackson, who is proceeding *pro se*. The court *sua sponte* takes up the dismissal of this matter pursuant to 28 U.S.C. §1915(e)(2).

In her complaint, the Plaintiff is attempting to state various claims for employment discrimination based on gender, race and age. This is the Plaintiff's sixth such complaint in the last two months. *See* 2:10CV194-P-S; 2:10CV195-P-S; 2:10CV206-P-A; 2:10CV210-P-S; and 2:10CV221-P-A (filed the same day as this matter).

Title 28 U.S.C. Section 1927 authorizes sanctions against persons who multiply the proceedings in a case unreasonably or vexatiously. The purpose of the statute is to deter frivolous litigation and abusive practices. *Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). When a litigant's abuse of process overburdens a court, the Fifth Circuit has approved the use of strong sanctions which have included a refusal to allow the person to file any more complaints or motions in the district court without first obtaining leave of court to do so. *Tribbit v. Ward*, 81 F.3d 156, 1996 WL 101558 at *1 (5th Cir. 1996); *Green v. Carlson*, 649 F.2d 285, 286 (5th Cir. 1981) (forbidding any pleadings).

Ms. Jackson's recent barrage of filings is rapidly approaching abusive. An order was issued denying Ms. Jackson permission to proceed *in forma pauperis* and instructed that if she wished to bring additional claims arising out of the same or similar occurrence she could seek permission to amend any one of her currently pending cases.

At this point, the court does not believe Ms. Jackson's filings are intentionally vexatious. Rather, the court will generously assume that Ms. Jackson's numerous filings stem from her unfamiliarity with the law and legal procedure. Ms. Jackson is cautioned, however, that this generosity is not limitless. *Willy v. Coastal Corp.*, 915 F.2d 965, 966-68 (5th Cir. 1990) (courts possess inherent power to impose sanctions irrespective of the existence of subject matter jurisdiction); *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696 (5th Cir. 1990) (Rule 11 and 28 U.S.C. § 1927 do not bar district court from assessing fees against a party under its inherent power). Notwithstanding presumed benign intentions, should Ms. Jackson's frequent new filings persist, the court will consider the imposition of sanctions up to and including barring her from litigating any claims in this court.

In addition to the prior instructions given to Ms. Jackson and in light of the forgoing discussion, this matter shall be dismissed as frivolous.

A final judgment in accordance with this opinion will be entered.

THIS the 25-*th* day of January, 2011.

_____
SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI